UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| IN THE MATTER OF:<br><br>**CLE TIKI BARGE, LLC, as owner of Tiki Barge I, for exoneration from or limitation of liability**<br>1180 Main Avenue<br>Cleveland, Ohio 44113<br><br>**Petitioner** | Case No. 1:21-cv-2204<br><br>Judge |

## COMPLAINT IN LIMITATION

Now comes Petitioner CLE TIKI BARGE, LLC ("Petitioner"), by and through counsel, and for its Complaint in Limitation pursuant to Fed. R. Civ. P. Supp. F(2) and 46 U.S.C.A. § 30511, states, alleges, and avers as follows:

1. Petitioner is a limited liability company organized under the laws of the State of Ohio with its principal place of business located at 1180 Main Avenue, Cleveland, Ohio 44113.

2. Petitioner is the owner of a vessel commonly known as "Tiki Barge I," hull number 0EE005BAC020, registration number CG1609564.

3. Tiki Barge I is not a seagoing vessel, but is a vessel "used on lakes or rivers or in inland navigation," as described in 46 U.S.C. 30502.

4. Petitioner seeks limitation of liability, and alternatively exoneration, pursuant to 46 U.S.C §30501, et seq. and Fed.R.Civ.P.Supp. F, for demands that have

1

arisen or may arise in the future regarding a certain maritime voyage involving Tiki Barge I (hereinafter the "Voyage").

5. The Voyage occurred on May 22, 2021, starting at approximately 11:00 a.m. at the home dock of Tiki Barge I, located in Sycamore Slip in Cleveland, Ohio, and ending at the same location.

6. The Voyage involved private charter commercial activity, transporting passengers on Tiki Barge I along the Cuyahoga River, on a pleasure cruise tour of the river.

7. Petitioner employs several individuals to captain its vessels, including Anthony Fistek.

8. At the time of the Voyage, Anthony Fistek was the captain of Tiki Barge I and was in complete and exclusive control of the vessel's navigation and steering.

9. At approximately 12:50 p.m. on May 22, 2021, near the end of the Voyage, Tiki Barge I collided with another vessel, named Nautica Queen, which was moored in a stationary position in the water by the Flats on the Cuyahoga River, in Cleveland, Ohio, in close proximity to a restaurant called "Shooters on the Water (the "Collision").

10. Tiki Barge I sustained minimal damage. The vessel was able to return to its dock following the Collision, and was able to be put back into service shortly thereafter. The vessel is still in Petitioner's possession, and is currently located in its home dock, in Sycamore Slip in Cleveland, Ohio.

11. There were sixteen passengers on the Voyage. Petitioner has concluded the settlement of claims arising from the Collision asserted by three of the passengers.

Petitioner is aware of the claims of several additional passengers, and has been in discussions with some of them. However, there were additional passengers on the Voyage with whom Petitioner has had no contact, and one or more of those passengers may claim to have sustained physical or other injuries, although whether such injuries occurred or the extent of said injuries is currently unknown to Petitioner.

12. There are no actions or proceedings known to Petitioner that are currently pending in any other forum that relate to the Voyage or the Collision.

13. The Collision caused damage to the Nautica Queen, the extent of which is currently unknown to Petitioner. To date, the owner of the Nautica Queen has not presented Petitioner a claim. Nevertheless, as a result of the Collision, the owner of the Nautica Queen or any other party in interest to the Nautica Queen may claim property damage to the Nautica Queen.

14. The Voyage and Collision occurred on the Cuyahoga River in Cleveland, Ohio, and the Collision, specifically, occurred in the Cuyahoga Flats area.

15. The Voyage and the Collision both occurred in navigable waters. The portion of the Cuyahoga River within 5.8 miles from Lake Erie, including where the Voyage and Collision occurred, is designated as a federal navigation channel by the U.S. Army Corp. of Engineers and is specifically maintained for commercial maritime activity.

16. Because the Collision occurred between two surface vessels in navigable waters, any claims or disputes concerning the Collision fall under this Court's federal admiralty jurisdiction.

17. The value of Petitioner's interest in Tiki Barge I at the close of the Voyage is estimated to be $140,000.00.

18. Tiki Barge I carried no freight at the time of the Collision.

## LIMITATION CLAIM

19. Petitioner hereby incorporates by reference each of the preceding paragraphs as if fully restated herein.

20. At all relevant times, Petitioner is and was the owner of the vessel known as Tiki Barge I.

21. At the time of the Voyage, Anthony Fistek was the captain of Tiki Barge I and was in complete and exclusive control of the vessel's navigation and steering.

22. During the Voyage, the Collision occurred, potentially causing loss, property damage, and/or personal injuries to the passengers of Tiki Barge I and to the Nautica Queen.

23. The Collision was the result of actions and/or conditions solely within the control of Anthony Fistek and/or others, and was not within Petitioner's privity or knowledge.

24. At all relevant times, there were no defects, latent or otherwise, affecting the seaworthiness or navigational ability of Tiki Barge I. The United States Coast Guard issued a Certificate of Inspection with respect to Tiki Barge I on June 12, 2020, valid for a period of five years, which was in full force and effect at the time of the Collision. In addition, the United States Coast Guard inspected Tiki Barge I on May 13, 2021.

25. At all relevant times, Petitioner established and followed adequate maintenance procedures regarding Tiki Barge I.

26. Under Fed. R. Civ. P. Supp. F, 46 U.S.C.A. Chapter 305, and 46 U.S.C.A. § 30511 Petitioner is entitled to bring this action to limit its potential aggregate liability for the Collision to the value of Tiki Barge I, or less, if the aggregate value of the applicable claims is less than the value of Tiki Barge I.

27. Pursuant to the procedures outlined in Fed. R. Civ. P. Supp. F, 46 U.S.C.A. Chapter 305, and 46 U.S.C.A. § 30511, Petitioner will deposit with the Court an amount equal to the value of its interest in Tiki Barge I.

28. Alternatively, under that same authority, if Petitioner is not found to be liable for damages or injuries proximately caused by the Collision, Petitioner is entitled to exoneration regarding any future liability and to the return of any amounts deposited with the Court not used to pay claims.

29. Petitioner is entitled to a stay of all pending and future claims regarding the Collision, and a concursus order requiring that all claims related to the Collision be brought in this matter or be forever forfeited.

30. Petitioner is entitled to a monition order setting a time limit for potential claimants to assert claims in this matter regarding the Collision.

WHEREFORE, Petitioner is entitled to the following relief:

(1) An Order stating that Petitioner is entitled to limit its liability for the Collision to the value of Petitioner's interest in Tiki Barge I, pursuant to Fed. R. Civ. P. Supp. F, 46 U.S.C.A. Chapter 305, and 46 U.S.C.A. § 30511;

5

(2) Upon Petitioner's deposit with the Court of an amount equal to the value of Petitioner's interest in Tiki Barge I, or as otherwise found sufficient by the Court, an Order enjoining and staying all potential claims against Petitioner regarding the Collision, and a concursus Order requiring that all such claims be brought in this matter or be forever forfeited as to Petitioner;

(3) Upon Petitioner's deposit with the Court of an amount equal to the value of Petitioner's interest in Tiki Barge I, or as otherwise found sufficient by the Court, a monition Order setting a time limit for all potential claimants to assert claims in this matter regarding the Collision, and holding those who do not assert timely claims in default of answer or appearance;

(4) Any other relief to which Petitioner may be entitled, at law or in equity.

Respectfully Submitted,

**FLAGEL & PAPAKIRK, LLC**
*Counsel for CLE Tiki Barge, LLC*

*/s/ Gregory E. Hull*
Gregory E. Hull (0023520)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: ghull@fp-legal.com